FILED
2023 Dec-13  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CATRELA PERKINS, Individually, and as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased; A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS; | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. |
| v. | ) ) ) | |
| CITY OF DECATUR, ALABAMA; BAILEY MARQUETTE; CHRISTOPHER MUKKADAM; JOEY WILLIAMS; VANCE SUMMERS; PENTAGON FEDERAL CREDIT UNION; ALLSTAR RECOVERY, LLC; CALEB COMBS; and RICHIE BRADY; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT

Now come Plaintiffs, CATRELA PERKINS, Individually, and as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased; and A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS, by and through their attorneys, Douglas Fees of The Cochran Firm, and complaining of Defendants CITY OF DECATUR, ALABAMA,; BAILEY MARQUETTE; CHISTOPHER MUKKADAM; JOEY WILLIAMS; VANCE SUMMERS; PENTAGON FEDERAL CREDIT UNION; ALLSTAR RECOVERY, LLC; CALEB COMBS; and RICHIE BRADY; and state as follows:

### PARTIES

1.     Plaintiff CATRELA PERKINS is a citizen of the United States and a resident of Decatur, Alabama, and is the widow and duly-appointed Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased.

1

2.      Minor Plaintiff A.P. is a citizen of the United States and a resident of Decatur, Alabama.  Plaintiff CATRELA PERKINS is the Minor Plaintiff's natural mother and Next Friend.

3.      Defendant CITY OF DECATUR, ALABAMA, is a municipal corporation organized and existing under the laws of the State of Alabama, with its principal place of business in the CITY OF DECATUR, ALABAMA, County of Morgan, State of Alabama.

4.      Upon information and belief, Defendants BAILEY MARQUETTE, CHRISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, are citizens of the United States and are police officers employed by Defendant CITY OF DECATUR, ALABAMA.  At all times relevant, Defendants BAILEY MARQUETTE, CHRISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS were agents, servants, and/or employees of Defendant CITY OF DECATUR, ALABAMA acting within the scope of said agency, service, and/or employment.  Defendants MARQUETTE, MUKKADAM, WILLIAMS, and SUMMERS are sued in their official and individual capacities.

5.      Defendant PENTAGON FEDERAL CREDIT UNION is a federally-chartered credit union with headquarters located at 7940 Jones Branch Drive, McLean, Virginia.  At all times relevant, Defendant PENTAGON FEDERAL CREDIT UNION used instrumentalities of interstate commerce in the collection of debts and regularly collected or attempted to collect debts owed or asserted to be owed.

6.      Defendant ALLSTAR RECOVERY, LLC, is a foreign limited liability company organized and existing under the laws of the State of Florida and has a location of operation at 3920 Poole Valley Road, SW, Decatur, Alabama.  At all times relevant, Defendant ALLSTAR RECOVERY, LLC, was an agent, servant, and/or employee of Defendant PENTAGON

FEDERAL CREDIT UNION acting within the scope of said agency, service, and/or employment.

7.      Upon information and belief, Defendants CALEB COMBS and RICHIE BRADY are citizens of the United States.  At all times relevant, Defendants CALEB COMBS and RICHIE BRADY were agents, servants, and/or employees of Defendants PENTAGON FEDERAL CREDIT UNION and ALLSTAR RECOVERY, LLC, acting within the scope of said agency, service, and/or employment.

## JURISDICTION AND VENUE

8.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Alabama state law.  This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

10.      On and prior to September 29, 2023, Defendant CITY OF DECATUR, ALABAMA employed a policy, procedure, or custom, of assessing Decatur police officers' performance.  The results of this assessment were used by Defendant CITY OF DECATUR, ALABAMA, in various employment decisions related to its police officers, including pay, promotion, and assignment decisions.

11.      Under this policy, practice, or custom, particular police actions of each officer, including issuing tickets and making arrests, were recorded and assigned numerical values.

Under this system, less invasive citizen interactions, such as issuing a citizen a ticket, were assigned a lower value than more invasive citizen interactions, such as arresting the citizen.

12.     Under this policy, practice, or custom, the police officers who engaged in more invasive citizen interactions were given preference in pay, promotion, and assignment decisions, to those officers who engaged in less invasive citizen interactions.

13.     The effect of Defendant CITY OF DECATUR, ALABAMA's policy, practice, or custom, was to encourage their police officers to escalate officers' use of force during citizen interactions. A further effect of this policy, procedure, or custom was to promote the use of excessive and unconstitutional force against citizens during arrests and other citizen interactions.

14.     The stated policy of Defendant CITY OF DECATUR, ALABAMA's police department is to use de-escalation techniques during citizen interactions.

15.     On September 29, 2023, Defendants MARQUETTE, MUKKADAM, WILLIAMS, and SUMMERS were acting pursuant to the above-mentioned policy, practice, or custom of Defendant CITY OF DECATUR, ALABAMA.

16.     On September 29, 2023, Plaintiff's decedent, STEPHEN CLAY PERKINS, was present at his home located at 3931 Ryan Drive SW in Decatur, Alabama.

17.     On September 29, 2023, Defendant CALEB COMBS arrived at Plaintiff's decedent's home in a tow truck owned by Defendant ALLSTAR RECOVERY, LLC, with the purpose of repossessing Plaintiff's decedent's vehicle.

18.     At the time Defendant CALEB COMBS arrived at Plaintiff's decedent's home, he knew or should have known that he lacked legal authority to repossess Plaintiff's decedent's vehicle.

4

19.     At the time Defendant CALEB COMBS attempted to repossess Plaintiff's decedent's vehicle, Plaintiff's decedent objected to the repossession attempt.  Defendant CALEB COMBS then left Plaintiff's decedent's residence.

20.     Subsequently, Defendants CALEB COMBS, RICHIE BRADY, BAILEY MARQUETTE, CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, entered into an agreement to return to Plaintiff's decedent's home and repossess Plaintiff's decedent's vehicle.  At the time of the agreement, Defendants COMBS, BRADY, MARQUETTE, MUKKADAM, WILLIAMS, and SUMMERS knew or should have known that they lacked legal authority to repossess Plaintiff's decedent's vehicle.

21.     On September 29, 2023, Defendants CALEB COMBS, RICHIE BRADY, BAILEY MARQUETTE, CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, returned to STEPHEN CLAY PERKINS' home located at 3931 Ryan Drive SW in Decatur, Alabama.

22.     When Defendants BAILEY MARQUETTE, CHRISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, arrived at Plaintiff's decedent's home, they did not announce their presence or office.  Rather, Defendants MARQUETTE, MUKKADAM, WILLIAMS, and SUMMERS, concealed themselves around STEPHEN CLAY PERKINS' home.

23.     At that time, Defendants CALEB COMBS and/or RICHIE BRADY attempted to attach their tow truck to Plaintiff's decedent's vehicle.  At this time, Defendants COMBS and BRADY knew or should have known they lacked legal authority to repossess Plaintiff's decedent's vehicle.

24.     Subsequently, STEPHEN CLAY PERKINS exited his home and confronted Defendants COMBS and/or BRADY and again objected to the repossession attempt.

25.     At no time did STEPHEN CLAY PERKINS pose a threat of death or great bodily harm to Defendants CALEB COMBS, RICHIE BRADY, BAILEY MARQUETTE, CHISTOPHER MUKKADAM, JOEY WILLIAMS, or VANCE SUMMERS, or any other person present.

26.     After STEPHEN CLAY PERKINS objected to COMBS' and/or BRADY'S repossession, Defendant BAILEY MARQUETTE identified himself as a police officer and ordered Plaintiff's decedent to the ground.

27.     Giving STEPHEN CLAY PERKINS no time to respond to his verbal commands, Defendant BAILEY MARQUETTE fired multiple gunshots which struck Plaintiff's decedent.

28.     As a direct and proximate result of the gunshots fired by Defendant BAILEY MARQUETTE, STEPHEN CLAY PERKINS died.

29.     At the time Defendant BAILEY MARQUETTE fired the fatal shots, STEPHEN CLAY PERKINS did not pose a threat of death or great bodily harm to Defendants CALEB COMBS, RICHIE BRADY, BAILEY MARQUETTE, CHISTOPHER MUKKADAM, JOEY WILLIAMS, or VANCE SUMMERS, or any other person present.

## COUNT I – Section 1983 v. MARQUETTE

1-29.   Plaintiffs reallege paragraphs 1-29 of this Complaint as paragraphs 1-29 of Count I of this Complaint as though fully set forth herein.

30.     At all times relevant, Defendant BAILEY MARQUETTE was acting under color of state law.

31.     Defendant BAILEY MARQUETTE's actions of fatally shooting STEPHEN CLAY PERKINS when PERKINS did not pose a threat of death or serious bodily harm to others was objectively unreasonable in light of the facts and circumstances presented and in violation of clearly established law.

32.     Defendant BAILEY MARQUETTE's actions of fatally shooting STEPHEN CLAY PERKINS, without provocations and without justification, when PERKINS did not pose a threat of death or serious bodily harm to others, constituted the use of unconstitutional and excessive force.

33.     The conduct of Defendant BAILEY MARQUETTE was done intentionally and willfully, and exhibited a flagrant disregard for STEPHEN CLAY PERKINS' federally secured constitutional rights and deprived STEPHEN CLAY PERKINS of his rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

34.     As a direct and proximate result of the unconstitutional and unreasonable conduct of Defendant BAILEY MARQUETTE, STEPHEN CLAY PERKINS died.

35.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiffs CATRELA PERKINS, Individually, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, and A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS, pray for judgment in their favor and against Defendant BAILEY MARQUETTE, for compensatory and punitive damages as

determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

**COUNT II – Section 1983 v. MUKKADAM, WILLIAMS, and SUMMERS**

1-35.    Plaintiffs reallege paragraphs 1-35 of Count I of this Complaint as paragraphs 1-35 of Count II of this Complaint as though fully set forth herein.

36.    At all times relevant, Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS acted under color of state law.

37.    At all times relevant, Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, had a duty to prevent Defendant BAILEY MARQUETTE from inflicting unlawful and unconstitutional deadly harm to STEPHEN CLAY PERKINS.

38.    Notwithstanding said duty, Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS failed to stop the unprovoked and unjustified use of excessive and deadly force against STEPHE CLAY PERKINS by Defendant BAILEY MARQUETTE.

39.    The conduct of Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS was done intentionally and willfully, and exhibited a flagrant disregard for STEPHEN CLAY PERKINS' federally secured constitutional rights and deprived STEPHEN CLAY PERKINS of his rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

40.    As a direct and proximate result of the unconstitutional and unreasonable conduct of Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, STEPHEN CLAY PERKINS died.

41.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiffs CATRELA PERKINS, Individually, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, and A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS, pray for judgment in their favor and against Defendants CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, for compensatory and punitive damages as determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

### COUNT III – Section 1983 v. CITY OF DECATUR, ALABAMA

1-41.   Plaintiffs reallege paragraphs 1-41 of Count II of this Complaint as paragraphs 1-41 of Count III of this Complaint as though fully set forth herein.

42.     The policy, procedure, or custom described in paragraphs 10-14, *supra*, was a widespread practice that was permanent and well-settled so as to constitute a custom and usage of Defendant CITY OF DECATUR, ALABAMA so as to have the force of law.

43.     Defendant CITY OF DECATUR, ALABAMA had actual and/or constructive knowledge of the practice yet did nothing to end the practice.

44.     As a direct and proximate result of the unconstitutional policy of Defendant CITY OF DECATUR, ALABAMA, STEPHEN CLAY PERKINS was deprived of his federally secured constitutional rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45.     As a direct and proximate result of the unconstitutional policy of Defendant CITY OF DECATUR, ALABAMA, STEPHEN CLAY PERKINS died.

46.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiffs CATRELA PERKINS, Individually, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, and A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS, pray for judgment in their favor and against Defendant CITY OF DECATUR, ALABAMA, for compensatory and punitive damages as determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

## COUNT IV – Section 1983 v. COMBS and BRADY

1-46.   Plaintiffs reallege paragraphs 1-46 of Count II of this Complaint as paragraphs 1-46 of Count IV of this Complaint as though fully set forth herein.

47.     At all times relevant, Defendants CALEB COMBS and RICHIE BRADY acted pursuant to an agreement with Defendants BAILEY MARQUETTE, CHRISTOPER NUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, to unlawfully violate the Fourth and Fourteenth Amendment rights of STEPHEN CLAY PERKINS.

48.     Defendants CALEB COMBS and RICHIE BRADY, pursuant to that agreement, shared a common goal of violating STEPHEN CLAY PERKINS' constitutional rights, and were therefore acting under color of state law.

49.     The conduct of Defendants COMBS, BRADY, MARQUETTE, MUKKADAM, WILLIAMS, and SUMMERS was done pursuant to the conspiracy and agreement to violate STEPHEN CLAY PERKINS' constitutional rights.

50.     As a direct and proximate result of Defendants CALEB COMBS and RICHIE BRADY agreement and conspiracy to deprive STEPHEN CLAY PERKINS of his constitutional rights, STEPHEN CLAY PERKINS was killed.

51.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiffs CATRELA PERKINS, Individually, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, and A.P., a Minor Suing by and Through her Natural Mother and Next Friend, CATRELA PERKINS, pray for judgment in their favor and against Defendants CALEB COMBS and RICHIE BRADY, for compensatory and punitive damages as determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

**COUNT V – Wrongful Death v. CITY OF DECATUR, ALABAMA and MARQUETTE**

1-51.     Plaintiffs reallege paragraphs 1-51 of this Complaint as paragraphs 1-51 of Count V of this Complaint as though fully set forth herein.

52.     This Count is being brought pursuant to the Alabama Wrongful Death Act, Ala. Code § 6-5-410.

53.     The conduct of BAILEY MARQUETTE described herein in attempting to apprehend Plaintiff's decedent was, as an agent, servant, and/or employee acting within the

scope of said agency, service, and/or employment, was within the corporate power of Defendant CITY OF DECATUR, ALABAMA.

54.     At all times relevant it was the duty of Defendants CITY OF DECATUR, ALABAMA, by and through its authorized agent, servant and/or employee BAILEY MARQUETTE, to refrain from neglectful, careless, and unskilled conduct so as to not injure STEPHEN CLAY PERKINS.

55.     Notwithstanding said duty, Defendants CITY OF DECATUR, ALABAMA, by and through its authorized agent, servant, and/or employee BAILEY MARQUETTE, committed one or more of the following neglectful, careless, and/or unskillful acts and/or omissions:

(a)     Neglectfully, carelessly, and unskillfully failed to announce his office when he arrived at Plaintiff's decedent's home;

(b)     Negligently, carelessly, and unskillfully failed to de-escalate the citizen interaction with STEPHEN CLAY PERKINS when Defendant knew or should have known PERKINS did not present a threat of injury to himself or others;

(c)     Negligently, carelessly, and unskillfully failed to allow STEPHEN CLAY PERKINS an opportunity to respond to Defendant's verbal commands prior to discharging his firearm at Plaintiff's decedent;

(d)     Neglectfully, carelessly, and unskillfully discharged his firearm at STEPHEN CLAY PERKINS when PERKINS did not pose a threat of death or serious bodily injury to others; and

(e)     Negligently, carelessly, and unskillfully failed to warn STEPHEN CLAY PERKINS that he intended to use deadly force prior to discharging his firearm at PERKINS.

56.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions, STEPHEN CLAY PERKINS died.

57.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and

pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

58.     On December 7, 2023, Plaintiff served notice of this claim on Defendants pursuant to AL Code § 11-47-192.

WHEREFORE, Plaintiff CATRELA PERKINS, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, prays for judgment in her favor and against Defendant CITY OF DECATUR, ALABAMA and BAILEY MARQUETTE, for compensatory and punitive damages as determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

### COUNT VI – Wrongful Death v. CITY OF DECATUR, ALABAMA, MUKKADAM, WILLIAMS, and SUMMERS

1-58.   Plaintiffs reallege paragraphs 1-58 of this Complaint as paragraphs 1-58 of Count V of this Complaint as though fully set forth herein.

59.     This Count is being brought pursuant to the Alabama Wrongful Death Act, Ala. Code § 6-5-410.

60.     The conduct of CHISTOPHER MUKKADAM, JOEY WILLIAMS, or VANCE SUMMERS described herein in attempting to apprehend Plaintiff's decedent was, as agents, servants, and/or employees acting within the scope of said agency, service, and/or employment, was within the corporate power of Defendant CITY OF DECATUR, ALABAMA.

61.     At all times relevant it was the duty of Defendants CITY OF DECATUR, ALABAMA, by and through its authorized agents, servants and/or employees CHISTOPHER MUKKADAM, JOEY WILLIAMS, and VANCE SUMMERS, to refrain from neglectful, careless, and unskilled conduct so as to not injure STEPHEN CLAY PERKINS.

13

62.      Notwithstanding said duty, Defendants CITY OF DECATUR, ALABAMA, by

and through its authorized agents, servants, and/or employees CHISTOPHER MUKKADAM,

JOEY WILLIAMS, and VANCE SUMMERS, committed one or more of the following

neglectful, careless, and/or unskillful acts and/or omissions:

(a)    Neglectfully, carelessly, and unskillfully failed to announce their office when they arrived at Plaintiff's decedent's home;

(b)    Negligently, carelessly, and unskillfully failed to de-escalate the citizen interaction with STEPHEN CLAY PERKINS when Defendants knew or should have known PERKINS did not present a threat of injury to himself or others;

(c)    Negligently, carelessly, and unskillfully failed to prevent Defendant BAILEY MARQUETTE from discharging his firearm at STEPHEN CLAY PERKSIN when PERKINS did not pose a threat of death or serious bodily injury to others; and

(d)    Negligently, carelessly, and unskillfully failed to warn STEPHEN CLAY PERKINS that BAILEY MARQUETTE intended to use deadly force against PERKINS when PERKINS did not pose a threat of death or serious bodily injury to others.

63.      As a direct and proximate result of one or more of the aforementioned acts and/or

omissions, STEPHEN CLAY PERKINS died.

64.      As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the

Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and

pecuniary nature, including emotional pain and suffering, and loss of the love, companionship,

and society of STEPHEN CLAY PERKINS.

65.      On December 7, 2023, Plaintiff served notice of this claim on Defendants

pursuant to Ala. Code § 11-47-192.

WHEREFORE, Plaintiff CATRELA PERKINS, as Administrator of the Estate of

STEPHEN CLAY PERKINS, Deceased, prays for judgment in her favor and against Defendant

CITY OF DECATUR, ALABAMA, CHISTOPHER MUKKADAM, JOEY WILLIAMS, and

VANCE SUMMERS, for compensatory and punitive damages as determined by the jury in this

action, along with costs, attorney fees, and any other relief that this Court determines is equitable

and just.

**Count VII – Wrongful Death v. PENTAGON, ALLSTAR, COMBS, and BRADY**

1-65.   Plaintiffs reallege paragraphs 1-65 of this Complaint as paragraphs 1-65 of Count

V of this Complaint as though fully set forth herein.

66.    This Count is being brought pursuant to the Alabama Wrongful Death Act, Ala.

Code § 6-5-410.

67.    At all times relevant it was the duty of Defendants PENTAGON FEDERAL

CREDIT UNION and ALLSTAR RECOVERY, LLC, by and through their authorized agents,

servants and/or employees CALEB COMBS and RICHIE BRADY, to use reasonable care in the

ownership and operation of their tow truck business so as not to negligently injure Plaintiff's

decedent.

68.    Notwithstanding said duty, Defendants PENTAGON FEDERAL CREDIT

UNION and ALLSTAR RECOVERY, LLC, by and through their authorized agents, servants,

and/or employees CALEB COMBS and RICHIE BRADY, committed one or more of the

following careless and negligent acts and/or omissions:

    (a)    Carelessly and negligently failed to confirm that they had the legal authority to repossess Plaintiff's decedent's vehicle prior to attempting to repossess said vehicle;

    (b)    Carelessly and negligently attempted to repossess Plaintiff's decedent's vehicle when they knew or should have known they lacked the legal authority to repossess said vehicle; and

    (c)    Carelessly and negligently enlisted the CITY OF DECATUR, ALABAMA police department to assist in the repossession of Plaintiff's decedent's vehicle when

15

they knew or should have known they lacked the legal authority to repossess said vehicle.

69.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions, STEPHEN CLAY PERKINS died.

70.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and pecuniary nature, including emotional pain and suffering, and loss of the love, companionship, and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiff CATRELA PERKINS, as Administrator of the Estate of STEPHEN CLAY PERKINS, Deceased, prays for judgment in her favor and against Defendants PENTAGON FEDERAL CREDIT UNION, ALLSTAR RECOVERY, LLC, CALEB COMBS, and RICHIE BRADY, for compensatory and punitive damages as determined by the jury in this action, along with costs, attorney fees, and any other relief that this Court determines is equitable and just.

## COUNT VIII – Unfair Debt Collection Practices v.<br>PENTAGON, ALLSTAR, COMBS, and BRADY

1-70.   Plaintiffs reallege paragraphs 1-70 of this Complaint as paragraphs 1-70 of Count VIII of this Complaint as though fully set forth herein.

71.     This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p and the Alabama Commercial Code, Ala. Code § 7-9A-609.

72.     The conduct of Defendants PENTAGON FEDERAL CREDIT UNION, ALLSTAR RECOVERY, LLC, CALEB COMBS, and RICHIE BRADY, in attempting to wrongfully repossess Plaintiff's decedent's vehicle constituted the use or threat of use of violence to harm the person of Stephen Clay Perkins.

73.     The conduct of Defendants, PENTAGON FEDERAL CREDIT UNION,
ALLSTAR RECOVERY, LLC, CALEB COMBS, and RICHIE BRADY, in attempting to
wrongfully repossess Plaintiff's decedent's vehicle, performed without judicial process, resulted
in a breach of the peace.

74.     The conduct of Defendants PENTAGON FEDERAL CREDIT UNION,
ALLSTAR RECOVERY, LLC, CALEB COMBS, and RICHIE BRADY, violated 15 U.S.C. §
1692d(1) and AL Code § 7-9A-609.

75.     As a direct and proximate result of one or more of the aforementioned acts and/or
omissions, STEPHEN CLAY PERKINS died.

76.     As a further direct and proximate result, Plaintiffs CATRELA PERKINS, the
Estate of STEPHEN CLAY PERKINS, and Minor Plaintiff A.P., suffered losses of personal and
pecuniary nature, including emotional pain and suffering, and loss of the love, companionship,
and society of STEPHEN CLAY PERKINS.

WHEREFORE, Plaintiffs CATRELA PERKINS, Individually, as Administrator of the
Estate of STEPHEN CLAY PERKINS, Deceased, and A.P., a Minor Suing by and Through her
Natural Mother and Next Friend, CATRELA PERKINS, pray for judgment in their favor and
against Defendants PENTAGON FEDERAL CREDIT UNION, ALLSTAR RECOVERY, LLC,
CALEB COMBS, and RICHIE BRADY, for compensatory and punitive damages as determined
by the jury in this action, along with costs, attorney fees, and any other relief that this Court
determines is equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

One of Plaintiff's Attorneys

Douglas J. Fees
THE COCHRAN FIRM – HUNTSVILLE, P.C.
401-403 Madison St.
P.O. Box 508
Huntsville, AL  35804
(256) 536-1199